FILED
11-17-2022
George L. Christenson
Clerk of Circuit Court
2022CV007380
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN     :   CIRCUIT COURT   :   MILWAUKEE COUNTY
                                          CIVIL DIVISION

ALYSSA A. MACK
5613 W. Morgan Avenue
Unit G
Milwaukee, WI 53220,                                    Case No.:

            Plaintiff,                                  **SUMMONS**

                                                        Case Code: 30107

HUMANA INSURANCE COMPANY
a Wisconsin insurance company
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

            Involuntary Plaintiff,

v.

KONGPHENG VANG
Milwaukee County Sheriff's Department
821 W. State Street
Milwaukee, WI 53233,

ADAM E. DAVIS
Milwaukee County Sheriff's Department
821 W. State Street
Milwaukee, WI 53233,

MICHAEL D. KRZNARICH
Milwaukee County Sheriff's Department
821 W. State Street
Milwaukee, WI 53233,

MILWAUKEE COUNTY
a municipal corporation
901 N. 9th Street
Milwaukee, WI 53233,

- 1 -

EXHIBIT
A

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION
c/o David Bisek, Registered Agent
Aegis Corporation
18550 Capitol Drive
Brookfield, WI 53045,

    Defendants.

THE STATE OF WISCONSIN

You are hereby notified that the plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Milwaukee County Courthouse, 901 North 9th Street, Milwaukee, WI 53233, and to GINGRAS, THOMSEN & WACHS, LLP, plaintiff's attorneys, whose address is 219 N. Milwaukee Street, Suite 520, Milwaukee, WI 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

- 2 -

Dated at Milwaukee, Wisconsin this 17th day of November 2022.

**GINGRAS, THOMSEN & WACHS, LLP**
Attorneys for Plaintiff

By:  <u>Electronically signed by Attorney Mark L. Thomsen</u>
Mark L. Thomsen
State Bar No. 01018839
Krista G. LaFave
State Bar No. 1094302

**P.O. ADDRESS**:
219 N. Milwaukee Street
Suite 520
Milwaukee, WI  53202
Telephone:     (414) 935-5482
Facsimile:     (414) 763-6413
Email:          mthomsen@gtwlawyers.com
                klafave@gtwlawyers.com

FILED
11-17-2022
George L. Christenson
Clerk of Circuit Court
2022CV007380
Honorable Pedro Colon-18
Branch 18

STATE OF WISCONSIN     :   CIRCUIT COURT     :     MILWAUKEE COUNTY
                             CIVIL DIVISION

ALYSSA A. MACK
5613 W. Morgan Avenue
Unit G
Milwaukee, WI 53220,                                            Case No.:

           Plaintiff,                           **COMPLAINT**

                                               Case Code: 30107

HUMANA INSURANCE COMPANY
a Wisconsin insurance company
c/o Corporation Service Company, Registered Agent
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

           Involuntary Plaintiff,

v.

KONGPHENG VANG
Milwaukee County Sheriff's Department
821 W. State Street
Milwaukee, WI 53233,

ADAM E. DAVIS
Milwaukee County Sheriff's Department
821 W. State Street
Milwaukee, WI 53233,

MICHAEL D. KRZNARICH
Milwaukee County Sheriff's Department
821 W. State Street
Milwaukee, WI 53233,

MILWAUKEE COUNTY
a municipal corporation
901 N. 9th Street
Milwaukee, WI 53233,

- 1 -

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION
c/o David Bisek, Registered Agent
Aegis Corporation
18550 Capitol Drive
Brookfield, WI 53045,

        Defendants.

---

**NOW COMES** the above-named plaintiff, Alyssa A. Mack, by her attorneys, Gingras, Thomsen, and Wachs LLP, and as and for her claims for relief, alleges and shows to the Court as follows:

## PARTIES

1.     Plaintiff Alyssa A. Mack, date of birth January 15, 1997, was a 23-year-old African-American woman at all times relevant hereto and an adult resident of the State Wisconsin. Ms. Mack suffered greatly on May 2, 2020 as a result of the Defendants' unlawful conduct, including using excessive force.

2.     That at the present time, the involuntary plaintiff, Humana Insurance Company (hereinafter "Humana"), is a Wisconsin insurance corporation, duly organized and existing under and by virtue of the laws of the State of Wisconsin, with offices of its Registered Agent, Corporation Service Company, located at 8040 Excelsior Drive, Suite 400, Madison, WI 53717; that Humana has paid medical and related bills on behalf of the plaintiff, Alyssa A. Mack, as a result of injuries she sustained in the incident that is the subject of this lawsuit; that Humana has no legal right to subrogation or reimbursement despite its payment of benefits, but by reason of such payments, Humana is a proper party herein pursuant to sec. 803.03, Wis. Stat.

3.     Defendant Deputy Adam E. Davis ("Deputy Davis") is a white male adult resident of the State of Wisconsin. At all times relevant to this action, Deputy Davis was employed as a

-2-

deputy sheriff by the Defendant Milwaukee County Sheriff's Department and was acting under color of law and within the scope of his employment with the Milwaukee County Sheriff's Office ("MCSO") and/or Milwaukee County at all times relevant hereto.

4. Defendant Deputy Kongpheng Vang ("Deputy Vang") is an Asian male adult resident of the State of Wisconsin. At all times relevant to this action, Deputy Vang was employed as a deputy sheriff by the Defendant Milwaukee County Sheriff's Department and was acting under color of law and within the scope of his employment with the MCSO and/or Milwaukee County at all times relevant hereto.

5. Defendant Sergeant Michael D. Krznarich ("Sergeant Krznarich") is a white male adult resident of the State of Wisconsin. At all times relevant to this action, Sergeant Krznarich was employed as a sergeant by the Defendant Milwaukee County Sheriff's Department and was acting under color of law and within the scope of his employment with the MCSO and/or Milwaukee County at all times relevant hereto.

6. That at the present time, the defendant, Milwaukee County, is a municipal government located within the State of Wisconsin with a principal place of business in the City of Milwaukee, with its primary address as 901 North 9th Street, Milwaukee, WI 53233. Milwaukee County is the employer of Kongpheng Vang, Adam E. Davis and Michael D. Krznarich, who were acting in the scope of their employment at the time of the incident; that pursuant to Wis. Stat. §895.46(1)(a), Milwaukee County is required to pay or indemnify all judgments, including compensatory and punitive damages, attorney's fees and costs that may be awarded against its officials, employees and agents.

7. That at the present time, the defendant, Wisconsin County Mutual Insurance Corporation (hereinafter "WI County Mutual"), is a Wisconsin insurance corporation, duly

- 3 -

licensed to do business in the State of Wisconsin, with offices of its Registered Agent, David Bisek, located at 18550 Capitol Drive, Brookfield, WI 53045; that said defendant is engaged in the business of writing and selling liability insurance; that prior to the date of this incident, May 2, 2020, WI County Mutual issued a policy(ies) of liability insurance to the defendant, Milwaukee County; that said policy provided coverage to Deputy Davis, Deputy Vang and Sergeant Krznarich; that said policy(ies) of insurance was (were) in full force and effect at the time of this incident; that in said contract(s) of insurance WI County Mutual reserved the right to settle or adjust any claims arising thereunder and to defend any lawsuits instituted by virtue of any such claims and has a direct interest in this litigation and is directly liable to the plaintiff for all of the plaintiff's injuries and damages as set forth herein; that by virtue of the laws of the State of Wisconsin, WI County Mutual is a proper defendant herein and is directly liable to the plaintiff for her injuries and damages set forth herein.

8.      That on August 31, 2020, a Notice of Injury and Claim was served pursuant to Wis. Stat. § 893.80, which included both notice of the injury and an itemized claim for relief. Attached hereto as Exhibit A is a copy of the Affidavit of Service and Exhibit B is a true and correct copy of the Notice of Injury and Claim.

## FACTS

9.      At 7:00 a.m. on May 2, 2020, Alyssa A. Mack ("Ms. Mack") finished working a night shift as a certified nursing assistant in Muskego and was driving to her home located near 30th and Good Hope.

10.      Ms. Mack was traveling northbound on I-41 when she was pulled over by the Milwaukee County Sheriff's Department ("MCSD") just south of Hampton Avenue in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

- 4 -

11. This traffic stop occurred during the COVID-19 pandemic, and Ms. Mack was an essential worker at an assisted living facility.

12. When the MCSD vehicle's emergency lights were activated, Ms. Mack immediately complied by pulling her vehicle over to the right shoulder and stopping.

13. Deputy Kongpheng Vang ("Deputy Vang"), a deputy in training, and his Field Training Officer, Deputy Adam E. Davis ("Deputy Davis") were inside the MCSD squad that stopped Ms. Mack.

14. Deputy Vang walked up to Ms. Mack's vehicle and told her that she was speeding and asked for her driver's license. Deputy Vang then told Ms. Mack that her license was suspended, a fact she did not know at the time because she had not yet received notice or a letter notifying her of the suspension.

15. When Deputy Vang approached Ms. Mack's vehicle a second time, he told Ms. Mack that they had to tow her car because of the suspension placed on her driver's license.

16. Rather than explain that he cannot permit her to drive away because she did not have a valid license and that she would be transported to a location that was safe so she could be picked up, Deputy Vang demanded the keys to Ms. Mack's vehicle leaving her to imagine what may happen to her next.

17. Ms. Mack then asked how she was supposed to get home. Deputy Vang said that she would be dropped off at a gas station and would have to find a ride home.

18. Ms. Mack became emotional, upset, and scared, and she called her mother to let her know that her car was being towed and that she needed to be picked up.

19. Deputy Vang continued to insist that he needed Ms. Mack's keys, a statement he knew to be untrue.

- 5 -

20.   Ms. Mack rightfully refused to provide her keys to Deputy Vang.

21.   Deputy Vang asked Ms. Mack to step out of her vehicle.

22.   Deputy Vang told Ms. Mack that she was not being arrested.

23.   Ms. Mack gathered her belongings and got out of the vehicle.

24.   After Ms. Mack stepped out of her vehicle, Deputy Vang asked her to walk to his squad, which was parked behind her vehicle.

25.   Deputy Davis was standing near the back-passenger side of Ms. Mack's vehicle.

26.   At no point did either Deputy ask Ms. Mack to get off of her phone or to put her phone away.

27.   Scared and crying, Ms. Mack remained on the phone with her mother while she walked toward the rear passenger squad door as she was instructed to do.

28.   As she was walking toward the squad still engaged in the conversation with her mother on the phone, Deputy Vang asked Ms. Mack to stop in front of the squad to be searched. At this point, Deputy Vang was farther away from Ms. Mack than Deputy Davis was.

29.   At about 07:59 A.M., realizing that Ms. Mack did not hear Deputy Vang, Deputy Davis asked Ms. Mack to stand in front of the squad.

30.   At about 07:59 A.M., before Ms. Mack had any opportunity to comply with standing in front of the squad, Deputy Davis unlawfully grabbed her left arm.

- 6 -





31.    Deputies Vang and Davis had no lawful basis to conduct a search for weapons because they had no reason to suspect that she had any.

32.    Ms. Mack had not committed any crime, and there was no reason to suspect that Ms. Mack was in the process of committing a crime or that she was a threat to others.

- 7 -

33.    Deputy Vang then grabbed Ms. Mack's right arm participating in her unlawful seizure.

34.    All of the items that Ms. Mack had in her arms went flying.

35.    Deputies Davis and Vang then forcefully took Ms. Mack to the ground.



36.    Deputy Vang knelt on Ms. Mack's back while Deputy Davis violently kneed her in the ribs.

37.    After Ms. Mack was unlawfully grabbed, tackled and kneed, Deputies Vang and Davis handcuffed Ms. Mack while she was face-down on the side of the highway.

- 8 -



38. While she was still face down on the ground and crying out in pain, Deputy Vang threatened Ms. Mack by yelling, "Stop resisting or these cuffs are gonna get even tighter!"

39. Ms. Mack never resisted and was in significant pain after her unlawful attack and arrest and requested medical attention.

40. Four other MCSO deputies, including Sergeant Michael D. Krznarich, arrived on scene after Ms. Mack was unlawfully arrested.

41. At about 08:09 A.M., Deputy Davis asked Deputy Vang to write a supplemental report to correspond with his story. He reminded Deputy Vang of his version of events by stating, "She had her arms pinned underneath her, she was actively resisting, wouldn't give them up." Deputy Vang nodded in agreement.

42. At about 08:09 A.M., Deputy Vang fist bumped Deputy Davis telling him not to worry. Deputy Davis responded, "Oh, I'm not worried about it."

- 9 -



43.     Deputy Vang, in essence, was being trained by his Field Training Officer, Deputy Davis, to use unlawful and excessive force in the course of an unlawful arrest.

44.     Knowing his actions were unlawful, excessive and violent, Deputy Davis even apologized to Sergeant Krznarich at about 08:17 A.M. stating, "I'm sorry, Mike. She just – she wouldn't give up her hands."

45.     Sergeant Krznarich replied, "You don't have to apologize." In attempting to justify the actions of Deputy Davis, Sergeant Krznarich continued by saying, "If you thought she was actively resisting, then you're able to use anything that could be viewed as necessary by law to get her to comply."

46.     Sergeant Krznarich has a prior known history of making assumptions and misstatements for incidents involving claims of excessive force so as to justify the unlawful actions of his deputies.

- 10 -

47. After being evaluated by Wauwatosa EMS while handcuffed in the back of the MCSO squad, Ms. Mack was transported by MCSO deputies to a BP gas station off of Hampton Avenue where she was abandoned to wait for a ride.

48. The Wauwatosa EMS noted:

> F[ou]nd 23 y/o female handcuffed in back of MCSD squad car c/o right rib pn. Pt received two knee strikes to rib area while in altercation with deputies.

49. Ms. Mack's mother picked her up from the gas station and immediately took her to seek medical care for the injuries she sustained as a result of the violent and unlawful conduct of Deputies Davis and Vang.



## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS DAVIS AND VANG – EXCESSIVE FORCE

50. Plaintiff realleges and incorporates by reference, all preceding allegations.

- 11 -

51.     At all relevant times herein, the above-named Defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law and within the scope of their employment to deprive Ms. Mack of her constitutional rights.

52.     At all times material hereto, the Defendants used unnecessary and excessive force, including but not limited to, grabbing her arms, violently throwing her to the ground and kneeing her in the ribs and handcuffing her while she was subdued and helpless on the ground.

53.     That at the time the Defendants used excessive force there was no threat of death or serious bodily harm or any harm to the officers or anyone in the area, or that there was even a reasonable suspicion that she had committed a crime.

54.     That the Defendants' conduct constituted excessive force without cause or justification in violation of Ms. Mack's Fourth Amendment rights as incorporated by the Fourteenth Amendment.

55.     The described conduct on the part of the Defendants as set forth above was a cause of the plaintiff's injuries, losses and damages as set forth herein.

56.     The Defendant, Milwaukee County, is liable pursuant to Wis. Stat. § 895.46, for payment of any judgment entered against the individual employee defendants in this action because said defendants were acting within the scope of their employment when they committed the unlawful acts described above.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS DAVIS AND VANG – UNLAWFUL ARREST

57.     Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

- 12 -

58. At all relevant times herein, the above-named Defendants were "persons" for purposes of 42 U.S.C. § 1983 and acted under color of state law and within the scope of their employment to deprive Ms. Mack of her constitutional rights.

59. Defendants arrested Ms. Mack.

60. Defendants did not have a reasonable suspicion, much less probable cause, to arrest Ms. Mack because at no time could Ms. Mack's actions have led any of the Defendants to reasonably believe that probable cause existed that Ms. Mack committed a crime.

61. That the Defendants' conduct constituted a false arrest or unreasonable seizure in violation of Ms. Mack's Fourth Amendment Rights as incorporated by the Fourteenth Amendment.

62. That the described conduct of the part of the Defendants as set forth above was a cause of the plaintiff's injuries, losses, and damages as set forth herein.

63. The Defendant, Milwaukee County, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS DAVIS AND VANG – FAILURE TO INTERVENE

64. Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

65. At the time Defendants Davis and Vang approached Ms. Mack while she was walking to the squad as instructed, Ms. Mack was not committing any crime, and there was no reason to suspect that she had or was about to commit a crime.

- 13 -

66.     Before Ms. Mack suffered from the unlawful arrest and abuse and excessive use of force described above, the individual Defendants each had opportunities to intervene and prevent the other Deputy from engaging in unlawful conduct and prevent all the injuries and losses Ms. Mack suffered as a result of the unlawful conduct and excessive use of force.

67.     As a result of the individual Defendant Officers' failure to intervene, Ms. Mack suffered injuries, losses and damages as set forth herein.

68.     The Defendant, Milwaukee County, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

### FOURTH CLAIM FOR RELIEF AGAINST SERGEANT KRZNARICH – FAILURE TO INTERVENE IN UNLAWFUL SEIZURE

69.     Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

70.     At the time Sergeant Krznarich arrived on scene, Ms. Mack was not committing any crime, and there was no reason to suspect that she had or was about to commit a crime.

71.     Sergeant Krznarich had many opportunities to intervene and immediately release Ms. Mack from the unlawful arrest and seizure she suffered as a result of Defendants Davis's and Vang's unlawful conduct and excessive use of force.

72.     Sergeant Krzarnich has a known history of making misstatements regarding individuals, ignoring the statements of others on scene that conflict with what he has been told by his deputies, all to justify the unlawful actions of his deputies.

73.     As a result of Sergeant Krznarich's failure to intervene, Ms. Mack remained unlawfully seized and suffered injuries, losses and damages as set forth herein.

- 14 -

74.     The Defendant, Milwaukee County, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action because said Defendants were acting within the scope of their employment when they committed the acts described above.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS VANG AND MILWAUKEE COUNTY SHERIFF'S DEPARTMENT – STATE LAW CLAIMS (ASSAULT, BATTERY, FALSE IMPRISONMENT)

75.     Plaintiff realleges and incorporates by reference the allegations of all the preceding paragraphs.

76.     The Defendants intended to cause Ms. Mack to suffer harm when they grabbed her arms, threw her to the ground, and kneed her in the ribs.

77.     The Defendants did cause harm to Ms. Mack as she needed medical treatment after this incident.

78.     Ms. Mack did not consent to this unlawful contact and harm by the Defendants.

79.     The Defendants intended to and did deprive Ms. Mack of freedom of movement when they held her face-down next to the highway and placed her in handcuffs.

80.     Defendants did not have a reasonable suspicion, much less probable cause, to restrain or arrest Ms. Mack because at no time could Ms. Mack's actions have led any of the Defendants to reasonably believe that probable cause existed that Ms. Mack committed a crime.

81.     At no time did Ms. Mack consent to be restrained by the Defendants.

82.     That the described conduct of the part of the Defendants as set forth above was a cause of the plaintiff's injuries, losses, and damages as set forth herein.

83.     The Defendant, Milwaukee County, is liable pursuant to Wis. Stat. § 895.46 for payment of any judgment entered against the individual employee Defendants in this action

- 15 -

because said Defendants were acting within the scope of their employment when they committed the acts described above.

**WHEREFORE,** the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

a. Against Defendants Davis, Vang and Krznarich, in their individual capacities, for compensatory damages, for the personal injuries and losses and violation of Alyssa A. Mack's rights, as set forth above, in an amount to be determined at trial of this matter;

b. Against Defendants Davis, Vang and Krznarich in their individual capacities, for punitive damages, for the violations of Alyssa A. Mack's rights, as set forth above, in an amount to be determined at trial of this matter;

c. Against Defendant Milwaukee County for its liability pursuant to Wis. Stat. § 895.46 to indemnify the individual Defendants in an amount to be determined at a trial of this matter;

d. Against Involuntary Plaintiff, Humana, finding it has no rights to the proceeds of any award or judgment in this matter.

e. For all costs, disbursements and actual attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other relief as the Court deems just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFF
DEMANDS A JURY TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated at Milwaukee, Wisconsin this 17th day of November, 2022.

                                        **GINGRAS, THOMSEN & WACHS, LLP**
                                        Attorneys for Plaintiff

                              By:  Electronically signed by Attorney Mark L. Thomsen
                                        Mark L. Thomsen
                                        State Bar No. 01018839
                                        Krista G. LaFave
                                        State Bar No. 1094302

**P.O. ADDRESS**:
219 N. Milwaukee Street
Suite 520
Milwaukee, WI  53202
Telephone:     (414) 935-5482
Facsimile:      (414) 763-6413
Email:           mthomsen@gtwlawyers.com
                     klafave@gtwlawyers.com

- 17 -

# EXHIBIT A

**Milwaukee County Circuit Court**

ALYSSA MACK

         Plantiff

     v.

MILWAUKEE COUNTY SHERIFF'S DEPARTMENT %
EARNELL R LUCAS, SHERIFF

         Defendant

Case No.:

## AFFIDAVIT OF CORPORATE SERVICE

**I, Stacy Kratochvil** being duly sworn on oath, state I am an adult resident of Wisconsin. I am not a party to the legal action of the attached document(s) which was/were served upon the below named party and endorsed as required by Wis. Stats. 801(10) (2)

That on 8/31/2020 at 9:10 AM at 821 W STATE ST, MILWAUKEE, WI 53233 I served MILWAUKEE COUNTY SHERIFF'S DEPARTMENT % EARNELL R LUCAS, SHERIFF with the following list of documents:**NOTICE OF INJURY AND CLAIM** by then and there personally delivering a true and correct copy of the documents into the hands of and leaving with MEGHAN RUMKE whose title is PERSON DESIGNATED TO RECEIVED LEGAL DOCUMENTS.

Final Results: 8/31/2020 at 9:10 AM

That the fee for this Service is $ 55.00

Stacy Kratochvil
State Process Service, Inc
11430 West Bluemound Rd, 11
Wauwatosa, WI 53226
(414) 256-7000

Subscribed and sworn before me, a Notary
Public. this 1st day of September, 2020

Gladys Hernandez
Notary Public
My Commision expires on: 4/12/2023

Order #:P306484
Their File

# EXHIBIT B

19

## NOTICE OF INJURY AND CLAIM
## PURSUANT TO WISCONSIN STATUTE SEC. 893.80

TO:   MILWAUKEE COUNTY
      ATTN: George L. Christenson, County Clerk
      901 N. 9th Street, Room 105
      Milwaukee, WI 53233

      MILWAUKEE COUNTY SHERIFF'S DEPARTMENT
      ATTN: Earnell R. Lucas, Sheriff
      821 W. State St., Room 107
      Milwaukee, WI 53233

      DEPUTY K. VANG
      Milwaukee County Sheriff's Department
      821 W. State St.
      Milwaukee, WI 53233

## NAME AND ADDRESS OF CLAIMANT:

Alyssa Mack
3827 W. Good Hope Rd. Apt. #4
Milwaukee WI  53209

## DATE AND TIME OF EVENT GIVING RISE TO CLAIM:

May 2, 2020

## LOCATION OF EVENT GIVING RISE TO CLAIM:

Northbound on Hwy 41 before Hampton Ave.

## CIRCUMSTANCES OF EVENT GIVING RISE TO CLAIM:

1. That on May 2, 2020, Alyssa Mack got off work at 7:00 a.m. in Muskego and was headed home to 30th and Good Hope. As Alyssa was going northbound on Hwy 45, she was pulled over by Milwaukee County Sheriff's Department ("MCSO") before Hampton Avenue.

2. That the MCSO deputy walked to her vehicle and told Alyssa that she was speeding and asked for her driver's license. The MCSO deputy then told Alyssa that her license was suspended, a fact she did not know at the time. The MCSO deputy told her that they had to tow her car. Alyssa then asked how she was supposed to get home. The MCSO deputy said that they would drop her off at a gas station.

3. The MCSO deputy said he needed Alyssa's keys. Alyssa rightfully refused.

4. The MCSO deputy asked Alyssa to step out of her vehicle and that she was not being arrested. The MCSO deputy asked Alyssa to go to his squad. There was another MCSO deputy standing behind the squad car.

5. As Alyssa was walking to the back seat of the squad car, the other MCSO deputy unlawfully grabbed her. Alyssa asked why he was grabbing her and was told that she was supposedly walking on the side where cars were. Then both MCSO deputies grabbed both of Alyssa's arms. All of the items that she had in her arms went flying.

6. The MCSO deputies forced Alyssa to the ground and one of the deputies knelt on Alyssa and kneed her in the ribs while on the ground. The MCSO deputy then unlawfully arrested Alyssa Mack.

7. Alyssa told the MCSO deputy that her ribs were hurting and asked for medical attention. Four other MCSO deputies pulled up along them as well as the Wauwatosa Ambulance and fire truck.

8. The MCSO main deputy told Alyssa that they were not taking her to jail and told her that another MCSO deputy would take Alyssa to a gas station off the freeway. Alyssa talked to ambulance personnel who looked at her ribs. Alyssa refused to be transported because her mother was on her way to pick her up. The MCSO deputy dropped Alyssa Mack off at the BP off of Hampton Avenue and left.

9. Alyssa Mack's mother picked her up and took Alyssa to the hospital for treatment.

## ITEMIZED STATEMENT OF RELIEF SOUGHT:

The claimant is aware that State law favors the interests of the government, regardless of the outrageousness of the conduct of its employees, over its citizens by capping Alyssa Mack's damages and losses under state law at $50,000. Accordingly, in light of the egregious nature of the conduct involved but on the assumption that remedial steps are being taken by the Milwaukee County Sheriff's Department so that incidents like this never occur again, the claimant respectfully requests that the Milwaukee County and/or Milwaukee County Sheriff's Department immediately pay Alyssa Mack $50,000.00. Said payment will constitute a partial satisfaction for all the violations of her rights under state and federal law.

Dated at Milwaukee, Wisconsin this 28th day of August, 2020.

**GINGRAS, THOMSEN & WACHS**
Attorneys for Plaintiff

By: Mark L. Thomsen
Mark L. Thomsen
State Bar No. 01018839

P.O. ADDRESS:

219 N. Milwaukee Street, Suite 520
Milwaukee, WI 53202
Telephone:     (414) 935-5482
Facsimile:     (414) 763-6413
Email:     mthomsen@gtwlawyers.com

- 3 -